UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GUY GIUFFRE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-11510-JLT |
| | * | |
| DEUTSCHE BANK NATIONAL TRUST | * | |
| COMPANY, as Trustee for Soundview | * | |
| Home Loan Trust 2006-OPT5, Asset- | * | |
| Backed Certificates, Series 2006-OPT5, and | * | |
| HOMEWARD RESIDENTIAL, INC., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

August 27, 2013

TAURO, J.

I.  Introduction

Plaintiff Guy Giuffre brings this action against Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT5, Asset-Backed Certificates, Series 2006-OPT5, ("Deutsche Bank") and Homeward Residential, Inc. ("Homeward").[1] Giuffre alleges that Defendants lack legal authority to foreclose on his home because the mortgage on his property originated as part of a fraudulent "foreclosure rescue" scheme. Before the court are Defendants' motions to dismiss. For the following reasons, Deutsche Bank's Amended Motion to Dismiss [#19] and Homeward's Motion to Dismiss [#24] are ALLOWED.

---

[1] The court allowed the substitution of Homeward Residential, Inc. for its predecessor, American Home Mortgage Servicing, Inc. See Order, Sept. 27, 2012 [#17].

1

II.     Factual Background[2]

Plaintiff Guy Giuffre initiated this action to prevent Defendants from foreclosing on his home. He has resided at 28 Vineyard Avenue in Oak Bluffs, Massachusetts (the "property") since 1987.[3] In 2006, Giuffre began struggling to pay his mortgage.[4] He filed for bankruptcy, but on the advice of his attorney, Giuffre voluntarily dismissed his case to pursue an "alternative" to foreclosure.[5] The Massachusetts Attorney General now recognizes this "alternative" as a "foreclosure rescue" scheme.[6]

The scheme required Giuffre to convey his property to Attorney Alec Sohmer.[7] Sohmer obtained a new mortgage on the property and used the proceeds to pay off Giuffre's mortgage. Option One Mortgage Corporation ("Option One") originated Sohmer's mortgage.[8] Sohmer then created a trust, of which Giuffre was an eighty-five percent beneficiary and Sohmer was a fifteen

---

[2] The court presents the facts in the light most favorable to Plaintiff and, unless otherwise indicated, draws the facts from Plaintiff's complaint.

[3] Compl. ¶¶ 1, 4 [#1].

[4] Compl. ¶ 7.

[5] Compl. ¶¶ 7-9.

[6] Compl. ¶ 16; see 940 C.M.R. § 25.00 et seq. (defining for-profit "foreclosure rescue transactions" as violations of Mass. Gen. Laws ch. 93A, § 2(a)); Chen v. Bell-Smith, 768 F. Supp. 2d 121, 126-27 (D.D.C. 2011) (characterizing similar foreclosure rescue transaction as a "scheme"); Commonwealth v. Desire, 29 Mass. L. Rptr. 65, at *1 (Mass. Super. Ct. Oct. 20, 2011) (same).

[7] Compl. ¶¶ 8, 16.

[8] Compl. ¶ 12.

percent beneficiary, and conveyed the property to the trust.[9]

Sohmer allowed Giuffre to reside at the property as a tenant and indicated that after two years Giuffre would be able to obtain a new mortgage on the property in his own name.[10] The rent payments, however, were greater than Giuffre's previous mortgage payments.[11] When Giuffre could not make rent, Sohmer could not pay the mortgage.[12] Sohmer had pursued a similar scheme with twenty-five other individuals, and when Sohmer failed to make all the mortgage payments, the lenders began to foreclose.[13]

Sohmer filed for bankruptcy in 2006, triggering an automatic stay of the foreclosures.[14] Although Sohmer was ultimately denied a discharge in bankruptcy, Giuffre obtained a released deed from the bankruptcy trustee in 2008.[15] This conveyed equitable title in the property back to Giuffre. On December 28, 2010, Option One's successor assigned the mortgage on Giuffre's property to Defendant Deutsche Bank.[16] Defendant Homeward currently services the loan.[17] On February 27, 2012, Deutsche Bank sought relief from the automatic bankruptcy stay to foreclose

---

[9] Compl. ¶¶ 8, 10-11.

[10] Compl. ¶ 8.

[11] Compl. ¶¶ 13-14.

[12] Compl. ¶ 19.

[13] Compl. ¶¶ 17-19.

[14] Compl. ¶ 20.

[15] Pl.'s Opp'n 4; Deutsche Bank's Mem. Supp. Am. Mot. Dismiss 4, Ex. G.

[16] Compl. ¶ 31.

[17] Compl. ¶ 3.

on Giuffre's property.[18]  In response, Giuffre filed this action.

III.   Discussion

    A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include factual allegations that demonstrate a plausible claim for relief.[19] The "court must 'take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff.' "[20] Even so, the court need not accept the plaintiff's legal conclusions, and the plaintiff must provide more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."[21] In ruling on a 12(b)(6) motion, the court may consider matters of public record.[22]

    B.   Deutsche Bank's Motion to Dismiss

The sole count of Giuffre's complaint seeks a declaration that the mortgage on his property is void due to fraud. Deutsche Bank argues that Giuffre lacks standing to challenge the mortgage and fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

---

[18] Compl. ¶ 31.

[19] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007).

[20] Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007) (emphasis omitted)).

[21] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

[22] Parker v. Hurley, 514 F.3d 87, 90 n.1 (1st Cir. 2008).

This case presents a relatively unique set of facts because Giuffre currently holds equitable title to his property[23] but is neither a party to, nor a third-party beneficiary of, the mortgage or the assignment from Option One to Deutsche Bank.[24] A person who is not a party to a contract generally lacks standing to challenge that contract.[25] Under this general rule, Giuffre would not have standing to challenge the mortgage or its assignment to Deutsche Bank.

Nevertheless, the Court of Appeals for the First Circuit recently held, in <u>Culhane v. Aurora Loan Services of Nebraska</u>,[26] that a Massachusetts mortgagor has standing to challenge the assignment of a mortgage from the originator to a third party, even though the mortgagor is not a party to that assignment.[27] Otherwise, the mortgagor could not exercise the "legally cognizable right to challenge a foreclosing entity's status qua mortgagee."[28] According to the First Circuit, "[t]here is no principled basis for employing standing doctrine as a sword to deprive mortgagors of legal protection conferred upon them under state law."[29]

---

[23] Because the release deed, which conveyed equitable title to Giuffre, was recorded in the Dukes County Registry of Deeds, see Deutsche Bank's Mem. Supp. Am. Mot. Dismiss 4, this court may properly consider it as a public record. See <u>Parker v. Hurley</u>, 514 F.3d 87, 90 n.1 (1st Cir. 2008).

[24] Giuffre also argues that he has standing to challenge the mortgage as a third-party beneficiary. Pl.'s Opp'n 6-8. This argument fails because Giuffre pleads no facts suggesting that the parties to the mortgage (Sohmer and Option One) expressed clear and definite intent to benefit Giuffre. See <u>Haggins v. Verizon New Eng., Inc.</u>, 648 F.3d 50, 57 (1st Cir. 2011) (citing <u>Miller v. Mooney</u>, 725 N.E.2d 545, 549-50 (Mass. 2000)).

[25] <u>Culhane v. Aurora Loan Servs. of Neb.</u>, 708 F.3d 282, 290 (1st Cir. 2013).

[26] 708 F.3d 282 (1st Cir. 2013).

[27] <u>Id.</u> at 289.

[28] <u>Id.</u> at 291.

[29] <u>Id.</u>

The First Circuit ruled narrowly in Culhane.[30] The holding applies to challenges to mortgage assignments that would render the assignment void, not merely voidable.[31] This case presents a different scenario: Giuffre seeks to challenge the validity of the mortgage itself, not an assignment. But if Giuffre, who holds equitable title to his property, lacks standing, then he has no judicial recourse to ensure a legal foreclosure. Consequently, this court concludes that in this analogous fact pattern, the First Circuit's reasoning in Culhane applies. Giuffre has standing to challenge his mortgage as void.

Turning to the substantive claim, Giuffre's complaint alleges that the mortgage was originated through fraud. Under Massachusetts law, fraud comes in two flavors: fraud in the inducement and fraud in the factum.[32] Fraud in the inducement occurs when one party to a transaction knowingly misrepresents a material fact, often to induce the other party to enter into a contract.[33] Fraud in the factum requires a misrepresentation that goes "to the essential character of the document signed, not merely to its terms."[34] This occurs, for example, when someone signs a receipt, only to learn later that the receipt was actually a deed conveying away property.[35] Fraud

---

[30] Id.

[31] Id.

[32] See Federico v. Brockton Credit Union, 653 N.E.2d 607, 611 (Mass. App. Ct. 1995); Restatement (Second) of Contracts §§ 163, 164.

[33] See Cherry v. Crispin, 190 N.E.2d 93, 95 (Mass. 1963).

[34] Vasapolli v. Rostoff, 39 F.3d 27, 35 (1st Cir. 1994); see Suliveres v. Commonwealth, 865 N.E.2d 1086, 1090 (Mass. 2007).

[35] Federico, 653 N.E.2d at 611.

in the factum is "rare" and carries significant legal consequences.[36] Whereas fraud in the inducement entitles the defrauded party to rescission, "fraud in the factum . . . renders the instrument void."[37]

Giuffre has most likely sufficiently alleged that the mortgage originated from fraud in the inducement.[38] But this only renders a mortgage voidable, not void.[39] Giuffre has standing only to challenge the mortgage as void.[40]

To show that the mortgage is void, Giuffre must demonstrate that it was procured through fraud in the factum.[41] But Giuffre has not alleged any facts suggesting that the parties failed to understand the "essential nature of the document[s]" they signed.[42] To the contrary, Giuffre knew that he had conveyed his property to Sohmer.[43] Similarly, the language of the contract shows that Option One and Sohmer intended to originate a mortgage.[44] Because Giuffre fails to allege any facts supporting fraud in the factum, his claim against Deutsche Bank fails.

---

[36] Id.; see Suliveres v. Commonwealth, 865 N.E.2d 1086, 1090 (Mass. 2007).

[37] Id.; see Cherry, 190 N.E.2d at 95.

[38] In particular, Giuffre pleaded reliance on Sohmer's representation that the rent payments would be affordable.  Compl. ¶¶ 13-14; see Cherry, 190 N.E.2d at 95.

[39] Federico, 653 N.E.2d at 611 (Mass. App. Ct. 1995) (citing Langley v. FDIC, 484 U.S. 86, 93-94 (1987)); Restatement (Second) of Contracts § 164.

[40] Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 290 (1st Cir. 2013).

[41] See Federico, 653 N.E.2d at 611 (citing Langley, 484 U.S. at 93-94 (1987)).

[42] Id.

[43] Compl. ¶¶ 8, 10.

[44] Deutsche Bank's Mem. Supp. Am. Mot. Dismiss, Ex. A.

C.  Homeward's Motion to Dismiss

Defendant Homeward also asks this court to dismiss Giuffre's complaint. Homeward argues that, as the loan servicer, it has no claim to title to the property and is neither a party to, nor assignee of, the mortgage.[45]

Homeward is correct. Because Homeward has no claim to title, no case or controversy exists between Giuffre and Homeward.[46] Giuffre's claim against Homeward must therefore be dismissed.

IV.  Conclusion

For the foregoing reasons, Deutsche Bank's Amended Motion to Dismiss [#19] and Homeward's Motion to Dismiss [#24] are ALLOWED.

AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro

United States District Judge

---

[45] Homeward also echoes Deutsche Bank's argument that Giuffre lacks standing to challenge the mortgage and further claims that servicers are not "necessary parties" to a declaratory judgment action. Homeward's Mem. Supp. Mot. Dismiss 5-6. Having found that no case or controversy exists between Giuffre and Homeward, the court need not address these arguments.

[46] See Owens v. Aspen Funding LLC, No. 08-6588 CJS, 2011 WL 4024820, at *8 (W.D.N.Y. Sept. 9, 2011); Chen v. Bell-Smith, 768 F. Supp. 2d 121, 133-34 (D.D.C. 2011); Stewart v. Bank of N.Y. Mellon, No. 10-791-PHX-GMS, 2010 WL 3789536, at *2-3 (D. Ariz. Sept. 22, 2010); Miranda v. Universal Fin. Grp., Inc., 459 F. Supp. 2d 760, 765 (N.D. Ill. 2006); Walker v. Gateway Fin. Corp., 286 F. Supp. 2d 965, 969 (N.D. Ill. 2003).